RENDERED:  JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1220-MR

JEANEA FISHBACK                                                        APPELLANT

v.                    APPEAL FROM LAUREL CIRCUIT COURT
                      HONORABLE GREGORY A. LAY, JUDGE
                      ACTION NO. 20-CI-00755

TAYLOR MADE HOME CENTER,
LLC                                                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; L. JONES AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE:  Jeanea Fishback appeals from a pretrial order

which prohibited her from utilizing certain expert witnesses at trial, an order

denying her a continuance, and a jury trial judgment which found in favor of

Appellee.  Finding no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In April of 2019, Appellant and Appellee entered into a contract for the purchase and installation of a mobile home. After the installation of the home was completed, Appellant alleged that she discovered defects to the mobile home and damage to her property caused by Appellee and its agents. On October 16, 2020, Appellant filed the underlying lawsuit alleging that Appellee breached their contract and installed the mobile home in a poor and defective manner.[1]

On August 19, 2023, and on February 28, 2025, Appellant filed her expert disclosures with the court. Both disclosures were identical. They listed the names, addresses, and phone numbers of eight expert witnesses. The disclosure also ended with a paragraph which read:

> All expert witnesses so disclosed are expected to testify that the work performed by the Defendant, Taylor Made Home Center, LLC, and its agents, representatives, and/or employees, on the subject property, was substandard and fell below the level of care required. Witnesses will testify that the Defendant's work was substandard; fell below that which is "workmanlike"; and was performed in contravention of accepted methods for the installation of mobile homes and modifications to real estate upon same being installed.

On October 18, 2022, a pretrial order was entered which docketed the case for a trial by jury on May 15, 2023. The order also sets certain pretrial

---

[1] Other parties were later added to the lawsuit, but they are irrelevant to this appeal.

deadlines. Of note to this appeal was the expert witness disclosure requirements.

The order stated that the disclosure should be filed pursuant to Kentucky Rules of

Civil Procedure (CR) 26.02(4)(a)(i). Further, the order stated:

> A party must identify each person whom the party expects to call as an expert witness at trial, <u>state the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds of each opinion.</u> **This information shall be provided by the Plaintiff no later than 90 days before trial, and by the Defendant no later than 60 days before trial.** Failure to comply with the letter and spirit of aforesaid civil rule may result in the suppression of the expert's testimony[.]

(Emphasis in original.)

> CR 26.02(4)(a)(i) states:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

> This case was then continued a number of times. Two more pretrial

orders were entered setting new trial dates and new pretrial deadlines. Both of

those orders had identical expert witness disclosure language as the original

October 18, 2022, pretrial order.

On March 4, 2025, Appellee then filed an interrogatory specifically requesting CR 26.02(4)(a)(i) information about Appellant's experts. Appellant did not answer the interrogatory request. On May 2, 2025, Appellee filed a motion *in limine* seeking to exclude Appellant's experts from trial because her expert disclosure did not comport to the requirements of the pretrial orders. Appellant responded and a hearing was held. On May 15, 2025, the court entered an order granting Appellee's motion *in limine* and prohibited Appellant from utilizing four of her expert witnesses at trial. The court held that Appellant's disclosures failed to adhere to the expert witness information requirements set forth in CR 26.02 and the court's pretrial orders; therefore, the witnesses could not testify as experts. The court did allow Appellant to utilize four other experts at trial. The four other experts were not excluded for the following reasons: two were not excluded because Appellee did not object to them and two were not excluded because they were also listed as experts for Appellee.

On May 19, 2025, Appellant moved to continue the trial scheduled for May 28, 2025. On May 16, 2025, Laurel County, Kentucky was struck by a tornado. Appellant's motion argued that potential jurors might not have the ability to focus on a trial due to the effects the tornado might have had on them and their families. Appellee objected and argued that a jury of people not affected by the tornado could be empaneled. The motion was ultimately denied.

-4-

A jury trial then took place on May 28 and 29, 2025, and the jury found in favor of Appellee. Appellant then filed a motion to alter, amend, or vacate, but that motion was denied. This appeal followed.

**ANALYSIS**

Appellant's first argument on appeal is that the trial court erred by excluding some of her expert testimony. The proper standard for reviewing evidentiary rulings is abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Appellant raises two arguments regarding the expert testimony issue. First, she argues that Appellee waived any objection to the expert witnesses when it did not timely object to the disclosures filed in the record. Appellant first filed her expert disclosure in August of 2023. Appellee did not first object to the disclosure until about thirty days before trial in early May of 2025. Appellant claims this objection was untimely. We disagree. The case was continued several times; therefore, Appellant could have supplemented her expert disclosure. According to the pretrial orders, Appellant's experts had to be disclosed 90 days before trial. This means that Appellant could have filed another disclosure in early

-5-

2025. Furthermore, Appellee sought additional disclosure via an interrogatory request in March of 2025. This put Appellant on notice that Appellee was seeking further information about her experts. Appellee did not waive this issue.

Appellant's second argument is that the trial court should have considered lesser sanctions other than excluding the testimony. We find no error. Appellant did not comply with CR 26.02 or the three pretrial orders. The pretrial orders not only emphasized the expert disclosure requirements, but they also specifically mentioned that expert testimony could be excluded should a party fail to comply. In addition, Appellee sought the required information via an interrogatory request, but Appellant did not respond to it. Finally, the trial court did not exclude all expert testimony, only some.

For these reasons, we conclude that the trial court did not abuse its discretion when it excluded some of Appellant's expert testimony.

Appellant's next argument on appeal is that the trial court erred when it denied the motion for a continuance filed after the tornado. We review decisions to grant or deny continuances for abuse of discretion. *Madden v. Commonwealth*, 582 S.W.3d 54, 66 (Ky. App. 2019). Appellant argues in her brief that

> [t]he denial of the continuance lead to identifiable
> prejudice to Ms. Fishback in that this matter involved
> property damage and both jurors and parties alike cannot
> reasonably "shake off" the kneejerk reaction of
> witnessing major tornado damage versus what could only

be conceived as relatively minor damage relative to all
the homes levelled by the tornado.

In other words, Appellant speculated that the jury would be prejudiced against her due to the devastation they witnessed from the tornado.

When considering members of the jury, "[t]he central inquiry is whether a prospective juror can conform his or her views to the requirements of the law, and render a fair and impartial verdict based solely on the evidence[.]" *Grubb v. Norton Hosps., Inc.*, 401 S.W.3d 483, 485 (Ky. 2013), *as modified* (May 29, 2013) (internal quotation marks and citation omitted). Here, Appellant is only speculating that the jury might be prejudiced against her if the case was not continued. This case had already been continued a number of times and had been ongoing for about five years. It was time for it to conclude.

We believe the court did not abuse its discretion in denying the continuance due to the speculative nature of Appellant's argument. Furthermore, we note that the jurors were questioned during *voir dire* about their feelings regarding the tornado and whether they could remain fair and impartial. This was more than sufficient to assuage any doubts as to jury impartiality.

Appellant's final argument on appeal is that the jury verdict was not supported by substantial evidence. She claims that, without her expert testimony, the jury did not get a complete picture of the evidence. This argument is without merit as Appellant was able to present other evidence in support of her claims. In

addition, Appellee's defense was that any damage to the mobile home or surrounding property was caused by the actions of Appellant or others she had working on her property. Civil actions are judged under the preponderance of the evidence standard, *Woods v. Commonwealth*, 142 S.W.3d 24, 43 (Ky. 2004), and Appellee provided more than enough evidence to meet this burden.

> [W]here the evidence is in conflict, we have often said and we repeat here that our duty is not to pass upon the credibility of the witnesses or to determine on which side the preponderance of the evidence lies; rather it is solely to resolve whether there is ample evidence to support the verdict returned by the jury.

*Simons v. Allen*, 309 S.W.2d 775, 777 (Ky. 1958) (citation omitted). In this case, the jury verdict must be affirmed.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. The court did not abuse its discretion in excluding some of Appellant's expert testimony or in denying the motion to continue. Further, there was a preponderance of evidence presented at the trial which supported the jury's verdict.

ALL CONCUR.

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

Jeremy W. Bryant          David Howard
Corbin, Kentucky          London, Kentucky